NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0357n.06

No. 21-6129

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Aug 26, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA; TRAVELERS INDEMNITY COMPANY, | ) ) ) | |
| Plaintiffs-Appellees, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| BERNARD TEW; ANDREA TEW; VINCENT TEW; STEPHANIE TEW; TEW, LP, | ) ) | OPINION |
| Defendants-Appellants. | ) ) | |

Before: NORRIS, SUHRHEINRICH, and CLAY, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Travelers Indemnity Company and Travelers Indemnity Company of America ("Travelers") filed suit to resolve coverage issues under farm liability policies issued in the name of Bernard Tew, Andrea Tew, and Tew LP, a limited partnership that operates the Tew family farm. Stephanie Tew and Vincent Tew also sought coverage under the policies as members of Tew LP (all together, "the Tews"). Through family retirement plans, the Tews sought to exploit what they called a "dividend arbitrage investment opportunity." Skatteforvaltningen ("SKAT"), the Customs and Tax Administration of the Kingdom of Denmark, called it tax fraud.

The scheme involved the Tews acquiring on paper a large number of shares in Danish companies, but only for the short period when the eligibility to receive dividends was determined. The Tew entities were not seeking dividends, but instead sought tax refunds of tax withheld

because of the dividends. Danish companies are required by law to withhold a 27% tax on dividends, but under a tax treaty between Denmark and the United States, the tax is reimbursable to certain non-Danish shareholders, including the retirement entities operated by the Tews. The Tews sought tax refunds, but according to SKAT, the applications were fraudulent because the Tews did not own the shares that they claimed to own, they did not earn the dividends they claimed to have earned, and they were not entitled to the tax refunds they claimed.

SKAT filed fifteen lawsuits against members of the Tew family and Tew LP seeking recovery of the improper tax refunds. The Tews filed claims with Travelers seeking defense and indemnification for the claims. The policies issued by Travelers to the Tews covered, among other things, damages arising from the loss of use of tangible property. Under the Tews' theory, SKAT's payment of the improper tax refunds meant that SKAT lost the use of that money, and money constitutes tangible property.

The Tews no longer seek indemnification under the policies. Instead, they seek reimbursement of costs incurred defending five of the SKAT complaints and damages they incurred because of Travelers' failure to assist them with their defense. They argue that, at the time that those five claims were filed by SKAT, the allegations *might have* been covered under the relevant farm liability policy, and Travelers therefore had a duty to defend the Tews against those five claims.

In its thorough and careful analysis, the district court reasoned that:

> [M]oney is not tangible property. Instead, money is intangible property, as it does nothing more than represent value while having no intrinsic value of its own. This is exemplified by the fact that money can be deposited and transferred electronically, which unquestionably makes money intangible. That money may also come in a physical form, such as a United States Dollar, or in this case, a Danish Kroner, is inconsequential regarding whether money is tangible property because the tangible embodiment of money can be converted to an inarguably intangible medium without losing its value, meaning the Danish Kroner itself is not

2

> what has value.  Since money is not tangible property, there was no loss of tangible property triggering Travelers' duty to defend and, thus, no breach of that duty entitling [the Tews] to either defense costs or damages.

*Travelers Indem. Co. of Am. v. Tew*, No. 5:20-CV-292-JMH, 2021 WL 5380944, at \*5 (E.D. Ky. Nov. 17, 2021).

We have carefully reviewed the record, the law, and the arguments on appeal.  The district court's well-reasoned opinion correctly concluded that the damages alleged by SKAT in the five relevant claims did not constitute a loss of *tangible* property.  For that reason alone, the farm liability policies did not cover the tax fraud claims, nor require Travelers to defend the Tews against those claims.  The issuance of a full written opinion by this court would serve no useful purpose.

Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.